UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>UNIQUE MANUFACTURING COMPANY,<br>INC., WAYNE P. KNAUER,<br>BILL P. WILLIAMSON, and<br>UNIQUE 401(k) PLAN,<br><br>Defendants. | CIVIL ACTION<br><br>No. 06-CV-6597<br><br>Hon. William T. Hart |

## CONSENT JUDGMENT AND ORDER
## WITH RESPECT TO WAYNE KNAUER

The Secretary of Labor (the Secretary), by its undersigned counsel and Wayne Knauer (defendant Knauer), pro se, agree to resolve all claims and issues between and among them regarding the captioned matter, and do now accordingly consent to the entry of this Judgment by the Court.

This action was filed by the Secretary against the above-captioned defendants alleging breaches of fiduciary duty under ERISA. Defendant Knauer admits to the jurisdiction of this court over him and the subject matter of this action.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Judgment.

The Secretary by its respective counsel and defendant Knauer acting pro se, agree to resolve all claims and issues between and among them regarding the captioned matter (except for the imposition by the Secretary of any penalties pursuant to ERISA §502(l), 29 U.S.C. §1132(l),

and any proceeding related thereto), do now accordingly consent to the entry of this Consent Judgment and Order ("Judgment") by the Court.

WHEREAS, the Secretary and defendant Knauer having agreed to the terms of this Judgment, subject to its approval by the Court, and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendant Knauer is permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§1001, *et seq*.

2. Defendant Knauer shall pay the total sum of $7,599.95 owed the Unique 401(k) Plan (Plan) for losses, including lost opportunity costs through February 1, 2009, as a result of his violations of ERISA.

3. The Plan is amended to permit the set off of defendant Knauer's Plan account against the amount of losses incurred by the Plan resulting from fiduciary breaches, as authorized by Section 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, Section 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. Section 1056(d)(4)).

4. Within seven (7) days of the entry of this Judgment, defendant Knauer (who is unmarried), pursuant to §1502(a) of the Taxpayer Relief Act of 1997, codified at 29 U.S.C. §1056(d)(4), shall cause $7,599.95 of his current account balance to be reallocated to the investment accounts of the Plan's non-fiduciary participants/beneficiaries. These reallocations shall be used, on a pro rata basis, to offset the losses, as referenced in paragraph 2, to the account balances of each non-fiduciary participant and beneficiary who was a Plan participant or beneficiary during the period May 22, 2002 through January 21, 2004, and who had voluntary employee contributions and/or loan repayments withheld from his or her pay for contribution to

the Plan during this same time period. Within seven (7) days after the aforesaid reallocation, defendant Knauer shall provide Steven L. Haugen, Regional Director, EBSA, 200 W. Adams Street, Suite 1600, Chicago, Illinois 60606 ("EBSA Regional Director") with satisfactory proof of such allocations.

5. Plan Compliance Services, Inc. ("PCS") is hereby appointed as the independent fiduciary for Plan to distribute the payments made under this Judgment and to terminate the Plan in accordance with ERISA and the IRC.

6. The appointment of the independent fiduciary shall terminate upon the first to occur of: a) removal by the Court; b) his resignation after finding an acceptable replacement, agreed to by the Secretary and the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement independent fiduciary appointed; or c) the liquidation and distribution of Plan assets and the completion of all related tasks.

7. Within fourteen days of the entry of this Judgment defendant Knauer shall pay PCS $1,500 of PCS' $3,000 independent fiduciary fee and expenses to issue distributions to the Plan participants/beneficiaries and terminate the Plan.

8. The independent fiduciary shall be subject to such other orders as the Court may direct, including the filing of quarterly reports until he ceases to serve or the Plan is terminated, detailing the work the Independent Fiduciary has performed.

9. Each party agrees to bear its/his own attorneys' fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

10. The Court retains jurisdiction for purposes of enforcing compliance with the terms of this Judgment.

11. Nothing in this Judgment is binding on any government agency other than the United States Department of Labor.

DATED this _____ day of _____, 2009.

_____
**WILLIAM T. HART**
UNITED STATES DISTRICT JUDGE

The undersigned apply for and consent to the entry of this Amended Consent Judgment and Order.

Dated this 6 day of Feb, 2009.

FOR DEFENDANT:

*[signature]*
**WAYNE KNAUER**
Individual

FOR PLAINTIFF:

**CAROL A. DEDEO**
Deputy Solicitor for National Operations

**JOAN E. GESTRIN**
Regional Solicitor

*[signature]*
**RUBEN R. CHAPA**
Attorneys for
Secretary of Labor,
United States Department of
Labor, Plaintiff

Proposed Independent Fiduciary

*[signature]*
**LAWRENCE G. GALLAGHER**
President of Plan Compliance Services Inc.
205 N. Michigan Avenue
Suite 2600
Chicago, Illinois 60601
Phone: (312) 938-0633
Fax: (312) 781-2592

The undersigned apply for and consent to the entry of this Amended Consent Judgment and Order.

Dated this 6 day of Feb, 2009.

FOR DEFENDANT:                              FOR PLAINTIFF:

                                            **CAROL A. DEDEO**
                                            Deputy Solicitor for National Operations


*[signature]*                               **JOAN E. GESTRIN**
**WAYNE KNAUER**                            Regional Solicitor
Individual



                                            _____
                                            **RUBEN R. CHAPA**
                                            Attorneys for
                                            Secretary of Labor,
                                            United States Department of
                                            Labor, Plaintiff

Proposed Independent Fiduciary



_____
**LAWRENCE G. GALLAGHER**
President of Plan Compliance Services Inc.
205 N. Michigan Avenue
Suite 2600
Chicago, Illinois 60601
Phone: (312) 938-0633
Fax: (312) 781-2592